ACCEPTED
15-25-00035-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/28/2025 4:42 AM
CHRISTOPHER A. PRINE
CLERK

**D-1-GN-24-009050**

Travis District Civil Court
Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/28/2025 4:42:21 AM
CHRISTOPHER A. PRINE
Clerk

Steven J Stringfellow
v
Texas Comptroller Judiciary Section

# Complaint
## (Amended)

### *Description of Cause*

- Travis County wrongfully imprisoned the Plaintiff, originally charging me with a felony based upon falsified witness testimony which had not been fully investigated at the time. At a later date, the testimony of those witnesses was deemed unverifiable by the court, leading to Plaintiff's release. The Plaintiff was imprisoned for 799 days before being released, with the charge adjudicated to class A misdemeanor conviction and time served. Plaintiff had mailed the required documents for the application for compensation to the Comptroller's Judiciary Section in accordance with Texas Civil Practice and Remedies Code 103.051 in late December of 2022, to which no response was received. Upon emailing the Comptroller's Judiciary Section recently to check on the status of the application Plaintiff's emails were returned undelivered, prompting the filing of this complaint.

### *Releif Sought*

- Relief is being sought in the form of injunction ordering the Comptroller's Judiciary Section to process the application for compensation for wrongful imprisonment and for that monetary compensation.

# 1.  Exhaustion of Remedy

1.1.          A request for an application for compensation was sent to the State Comptroller's Judiciary Section via postal mail in late December of 2022 for wrongful imprisonment stemming from Travis County Criminal Case D1DC17301319 (see Exhibit P.1).  The Plaintiff had since mailed two changes of address updates advising them of new addresses after moving from Austin to Houston and a mail delivery service in Spring.  Plaintiff had not received any mail in reply from the Comptroller's Judiciary Section for some time and so I decided to contact them by email (see Exhibit P.2).  Plaintiff then received in return email an "address not found, undelivered mail and returned to sender" error messages with the error code "550 Invalid recipient (#5.1.1)" from <judiciary@cpa.texas.gov>: host cluster9.us.messagelabs.com [67.219.250.219].  Plaintiff had initially received that email via my my Gmail account and so I sent an email from my ProtonMail account in order to troubleshoot and received the exact same error message (Exhibit P.2).

1.2.          Considering the recession and the fact that the Plaintiff has had other issues occur at other government departments as well as private corporations, even going as far as having been subjected to several cases of internet based crime from a hacker clan known as lulzsec who have likely been editing my information both in government databases and elsewhere, filing a complaint against the Judicial Branch should be the more lawful route in order to remedy this issue because Plaintiff senses that my original mail was never received at this point, perhaps have been re-routed unlawfully by said internet crime.


# 2.  Claims

2.1.          Plaintiff filed the original application for compensation by mail, with all necessary copies of required documents according to Tex Civ Prac Rem Code 103.051.

2.2.          Tex Civ Prac Rem Code 103.051 states that individuals wrongfully imprisoned are entitled to monetary compensation at $80,000 per year of wrongful imprisonment.

2.3.        Class A misdemeanors in Texas carry a maximum sentence of 1 year of imprisonment or a $4,000 fine or both.

2.4.        The Plaintiff, Steven Jacob Stringfellow's dates of incarceration to wit were from 11/09/2017 to 01/17/2020. Plaintiff was incarcerated for 799 days with 434 days of that time being over one year (see Exhibit P.1); therefore, the Plaintiff was owed 434 days worth of compensation for wrongful imprisonment, which would come to a total of $95,123.

2.5.        Sec 103.051 did not give instructions to send the application by registered mail. Proof of delivery therefore would rest upon the State under Rules of Evidence, and through which recession may stand as direct evidence against such a larger party as the State would be, with the Plaintiff already being extenuated for secession's caveat of recession in progress through my party The Federal Exit Party and our work under the Article III precedent law for sovereign immunity (Exhibit P.3.A). The burden of proof would rest moreso upon the State by law, with favor towards the caveat (see Exhibit P.4).

## 3. Allegations

### 3.1. Background

3.1.1.        The Plaintiff was originally arrested on a felony warrant by the Austin Police Department following a routine traffic stop on November 9th 2017. The Plaintiff was unaware at the time that I had a warrant out for my arrest with the instigation of the altercation leading to the warrant having been caused by the other party—a semi-homeless man and known drug dealer under the Highway 183 overpass, who had called the police after I had already left the scene and had fabricated events of the altercation, of which he had started by threatening me for some odd reason...this homeless or semi-homeless man was also very high on some sort of stimulant early that morning while I was trying to go work at my moving business' from our storage unit, with nobody else around on that Saturday morning (I had suspected that he was trying to rob me or something at the time). The Plaintiff

was arrested several months after that original altercation, which was definitely within the field of view of several surveillance cameras although no surveillance video every made it into evidence, prompting the State to drop the case.

3.1.2.    Due to lack of evidence and conflicting accounts of events, the prosecution had to rely upon the opposing parties' testimonies alone, being the mentioned bum aggressor and the manager lady of the property he was friends with, even though the surveillance video would have exonerated Plaintiff anyway (and such issues would be more common than not under recession anyway).  Upon the prosecution's contacting of the other parties, who had also fabricated their original statements (according to the Plaintiff) they declined to participate in the case any further (and seemed surprised that I had been incarcerated for such amount of time).

3.1.3.    Plaintiff was offered a plea bargain and released with the conviction of Class A Misdemeanor, with the original charge having been dismissed.  The conviction will likely be completely dropped at a later date once Plaintiff has finished litigating that cause as well (I just had no other way to get out of jail at the time and could not wait several more months for the trial after being surprised with a felony warrant which had been falsified to a 1st degree assault causing bodily harm when I had never even touched the guy after only brandishing a weapon to ward him away and that charge was changed to a 2nd degree without a reindictment, with no record of the original charge, supporting that there was crime and corruption involving the mentioned hacker clan).

3.1.4.    As per Exhibit P.1 the original cause number was D1DC17301319 and the Plaintiff's booking number was 1741053 at Travis County Correctional Complex.  Further information may also be seen in Exhibit P.1 from FOIA records, showing detailed information of the original charge in question.

## 3.2.  Actual

3.2.1.    The application for compensation documents were sent to the Texas Comptroller's Judiciary Section via postal mail in December of 2022, for wrongful imprisonment stemming from

Travis County Criminal Case D1DC17301319 (see Exhibit P.1) as mentioned. The Plaintiff did not receive any mail in reply from the Comptroller's Judiciary Section for some time and so I decided to contact them by email (see Exhibit P.2)...I then received via email response an "address not found, undelivered mail and returned to sender" error messages with the error code "550 Invalid recipient (#5.1.1)" from <judiciary@cpa.texas.gov>: host cluster9.us.messagelabs.com [67.219.250.219]. Plaintiff had initially received that email via my my Gmail account and so I sent an email from my ProtonMail account and received the exact same error message (Exhibit P.2) prompting me to assume that there had been issues with my application request as well.

3.2.2.      Considering recession and the fact that the Plaintiff has had other issues occur at other government departments as well as private corporations, having likely been subjected to several cases of internet based crime from a hacker clan known as lulzsec who have been editing my information both in government databases and elsewhere, filing a complaint herein should be the more lawful route because I sense that my mail may have never been received at this point, perhaps having been re-routed unlawfully by such internet crime and never received by the Comptroller Judiciary Section, or the envelope may have gotten lost from recession otherwise elsewhere (and so this complaint may also compel Tex Civ Prac Rem Code 103.051 to be updated to require registered mail).

3.2.3.      Plaintiff's other cases and the status quo should place civil consideration in favor of a court preponderating that my application was not received duly by the Comptroller's Judiciary Section also as covered. Section 103.051 did not give instructions to send for the application by registered mail and so the Plaintiff had sent the application request documents normally; furthermore, recession per Texas Rules of Evidence may stand as affirmative evidence against the larger party as the State would be in this case, which under same clause may also be seen probably as a motive for recessive culprits to have interfered with the application. In any case, the burden of proof would now rest unilaterally upon the State by law (see Exhibit P.4) with the Plaintiff being in caveat for sovereign immunity due to secession's super-luminal capability being more lawful than progress not in caveat (exhibit P.3).

3.2.4.    The Comptroller's Judiciary Section email error message to citizens emailing them may stand as a second count of direct evidence (Exhibit P.2) in favor of relief toward the Plaintiff, along with the count of circumstantial supporting evidence shown from the other cases regarding internet crime and internal corruption, which altogether may stand as another ulterior count of evidence considering that they are all closely tied by recession and the digital era, which would be supported by other areas relating to quantum mechanics with regard to the dark net (please review Plaintiff's grantwork/book to wit at will in Exhibit P.3.B, please note that this exhibit is more optional for the Court's pleasure).

3.2.5.    A jury may agree that Plaintiff's application would require an injunctive order to be processed and Plaintiff may also request that the court allow for polygraphing of jurors to occur post verdict in order to ensure constitutionality against recession, of which jurors may be selected for accordingly through challenge in the voir dire with respect to the caveat most primarily.  Thank you.


## 4.  Relief

4.1.    Relief is being requested in the form of monetary compensation for the amount of $95,123 USD for wrongful imprisonment with regard to case D1DC17301319 due to the Comptroller's Judiciary Section not having processed the Plaintiff's application for compensation in a timely fashion as far as civil process may be concerned via injunction also ordering for that application to be processed according to law.

4.2.    The courts may grant relief for any case whatsoever however they see fit under Article III as long as there are constitutional reasons extenuating, meaning that relief should be able to be granted at any rate notwithstanding if at all possible considering that secession's extenuation for recession has been met by Plaintiff's party waiving "normal" constitution of recession (Exhibit P.3).

I, Plaintiff Steven J Stringfellow, hereby certify that all of the foregoing is true and correct under penalty of law.

Statefully Submitted,

_____ Dated: ___03/27/2025___

Steven J Stringfellow
10160 Hwy 242
Ste 800-4117
Conroe, TX 77385-4379
(512) 571-2036
thefederalexitparty@gmail.com

-------------------------------------------------------------------------------------------------------------------

# Certificate of Service

I certify that a copy hereof has been furnished towards:

Texas Comptroller Judiciary Section
111 E. 17th St.
Austin, TX 78711
(512) 936-5985
Adam.Fellows@cpa.texas.gov
Elena.Bendea@cpa.texas.gov

Texas Office of the Attorney General
300 W. 15th Street
Austin, TX 78701
(512) 463-2100
Anthony.Dolcefino@oag.texas.gov
Sarah.Orr@oag.texas.gov

Return service to:

Steven J Stringfellow
10160 Hwy 242
Ste 800-4117
Conroe, TX 77385-4379
(512) 571-2036
thefederalexitparty@gmail.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 98996714
Filing Code Description: Motion - Exempt
Filing Description: Motion for Amendment
Status as of 3/28/2025 7:08 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Atty General | | Anthony.Dolcefino@oag.texas.gov | 3/28/2025 4:42:21 AM | SENT |